UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

Patricia A. Rowell,                               SUPPLEMENTAL BRIEF
                                                  OF DEBTOR
              Debtor.                             BKY 09-31129

## I. STATEMENT OF FACTS

Patricia A. Rowell, Debtor, a single woman with no dependents, filed her Chapter 13 case on February 26, 2009. At the time of her filing Rowell had been employed as a travel counselor with American Express for 8 years at an annual salary of approximately $34,500. Rowell had no dependents and no joint tenant and received no income from any source other than her employment. Rowell owned no real estate at the time of filing. Her Schedule B of personal property listed $100.00 in bank funds, wearing apparel with an estimated value of $2000 and household furnishings of $4000, as well as a 2000 Kia Sephia valued at $4000. Schedule B qualified the stated values as follows: "The value listed for each item in this schedule is an estimate only."

Schedule D, Creditors Holding Secured Claims, of Rowell's Chapter 13 petition listed no secured debt; Schedule E, Creditors Holding Unsecured Priority Claims, listed the Internal Revenue Services ("IRS") for priority income taxes in the amount of $18,507.00. Rowell also listed the Minnesota Department of Revenue for priority income taxes in the amount of $1,192.

Rowell's Chapter 13 plan dated February 20, 2009 provided for 60 payments of

$485 each, to pay all timely filed priority claims in full and an estimated $7,301 to unsecured, nonpriority claims. No provision was made to pay any secured debt.

On March 4, 2008, the Internal Revenue Service filed a proof of claim in the total amount of $18,827.21. A "Facsimile Federal Tax Lien Document" was attached to the proof of claim to evidence the recording of the tax lien with the Dakota County Recorder on August 29, 2008. Paragraph 4 of the proof of claim, Secured Claim, stated that Rowell owed $10,200.27 for income taxes secured by real estate, motor vehicle, and "other", and unsecured income taxes in the amount of $1,614.29. Paragraph 4 listed no value for any of the real or personal property claimed to be subject to the tax lien of the Internal Revenue Service. Paragraph 5 of the proof of claim stated that Rowell owed $7,112.65 for priority income taxes. No other property identification or value was listed in the proof of claim.

On March 12, 2008, the Internal Revenue Service filed an amended proof of claim in the total amount of $18,745.66. A "Facsimile Federal Tax Lien Document" was attached to the proof of claim to evidence the recording of the tax lien with the Dakota County Recorder on August 29, 2008. Paragraph 4 of the proof of claim, Secured Claim, stated that Rowell owed $10,200.27 for income taxes secured by real estate, motor vehicle, and "other", and unsecured income taxes in the amount of $1,614.29. Paragraph 4 listed no value for any of the real or personal property claimed to be subject to the tax lien of the Internal Revenue Service. Paragraph 5 of the proof of claim stated that Rowell owed $7,031.10 for priority income taxes. No other property identification or value was listed in the amended proof of claim.

On June 23, 2008, the Internal Revenue Service filed another amended proof of claim in the total amount of $18,671.66. A "Facsimile Federal Tax Lien Document" was attached to the proof of claim to evidence the recording of the tax lien with the Dakota County Recorder on August 29, 2008. Paragraph 4 of the proof of claim, Secured Claim, stated that Rowell owed $10,200.27 for income taxes secured by real estate, motor vehicle, and "other", and unsecured income taxes in the amount of $1,104.96. Paragraph

4 stated no value for any of the real or personal property claimed to be subject to the tax lien of the Internal Revenue Service. Paragraph 5 of the proof of claim stated that Rowell owed $7,466.43 for priority income taxes. No other property identification or value was listed in the amended proof of claim.

As of June 23, 3009, the Internal Revenue Service had filed three proofs of claim - an original and two amended claims - stating that Rowell, in addition to owing priority and nonpriority unsecured income taxes, owed income taxes secured by real estate and personal property with no value. In all three proofs of claim the IRS stated no value for any of the property subject to its tax liens.

By objection dated April 17, 2009, the IRS, citing 11 U.S.C. §1325(a)(1), (5), and (6), objected to confirmation of Rowell's Chapter 13 plan. On April 21, 2009, the debtor filed a response to the objection opposing the IRS objection. On May 27, 2009, the debtor filed a preconfirmation modified Chapter 13 plan proposing to pay the IRS as a secured creditor to the extent of $4,000, the estimated value of the debtor's automobile. This plan modification has not satisfied the IRS and the IRS has continued to object to plan confirmation.

By order dated July 31, 2009, after oral argument at the confirmation hearing on July 30, 2009, the bankruptcy court ordered the parties to submit supplemental briefs on the issues raised by the IRS confirmation objection.

## II. ARGUMENT

The court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 1334(a) & (b); 28 U.S.C. §§ 157(a) & (b)(1); 28 U.S.C. § 151 and Local Rule 1070-1. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) & (B).

**A. THE INTERNAL REVENUE SERVICE OBJECTION AS TO FEASIBILITY IS NOT SUPPORTED BY LAW OR FACT.**

11 U.S.C. §1325 governs the confirmation of a Chapter 13 plan and provides, in part, as follows:

"(a) Except as provided in subsection (b), the court shall confirm a plan if -

(1) the plan complies with the provisions of this chapter and with the other applicable provisions of this title;"

The IRS, in its memorandum of law, argues that Schedule J of the debtor's petition "does not reflect any provision for the payment of income or other taxes that may come due during the life of the proposed Plan.  Under these circumstances, the proposed Plan is not feasible because it does not provide that any tax liabilities that come due during the life of the Plan will be paid when due."

The IRS cites the debtor's petition incorrectly.  Schedule I, Current Income of Individual Debtor(s), is the appropriate schedule for stating the debtor's projected income and payroll deductions.  The debtor's Schedule I form states as follows:

"INCOME: (Estimate of average or projected monthly income at time case filed)."
The debtor's Schedule I shows a projected monthly gross income of $2,875, and monthly withholding of $271 for income taxes.

The IRS has not disputed either the amount of the debtor's projected monthly income or the debtor's projected monthly income tax withholding as stated in Schedule I.  Since Schedule I requires the debtor to state her projected monthly income and deductions for payroll taxes and social security, and the debtor has done so, it is unnecessary for the debtor to repeat those calculations on Schedule J, as the IRS argues.

Citing the absence of the IRS-requested language regarding payment of post-petition taxes in the debtor's plan, the IRS further argues that the absence of such language is conclusive proof that the debtor will intentionally not pay postpetition income taxes as they come due, and since future default is certain, the debtor's Chapter 13 filing will not accomplish its rehabilitative purpose.  No facts or circumstances about the debtor are cited to support the IRS assertion that the absence of its requested language in the

debtor's Chapter 13 Plan means the debtor will default on payment of postpetition taxes. No facts or circumstances are cited by the IRS to show that the debtor's future payroll and social security tax withholding disclosed in Schedule I will not succeed.

In its objection to plan confirmation, the IRS cited several cases in support of its contention that feasibility for purposes of Chapter 13 confirmation means not just a debtor's ability to make all payments under a plan, but also a debtor's ability to meet all post petition tax obligations contemporaneously throughout the life of the plan, and that failure to comply with post petition tax requirements is therefore unequivocal cause for dismissal. See, <u>In re Robertson</u>, 2000 WL 33716977 (Bankr. D.Or. 2000). There are few reported cases involving the effect of failure to pay postpetition taxes under Code § 1307. <u>In re Bennett</u>, 200 B.R. 252 (Bankr. M.D.Fl. 1996), the debtor's failure to pay postpetition taxes was found to be in violation of an "order establishing duties of debtor" requiring the debtor to meet all personal tax obligations, and a confirmation order providing that the debtor not incur any indebtedness without prior approval of the court or the trustee. Similarly, <u>In re Koval</u>, 205 B.R. 72 (Bankr. N.D.Tx. 1996), found that failure to pay postpetition taxes violated the "spirit" of a general order requiring not only the timely filing of tax returns but the payment of taxes due pursuant to such returns.

However, the cited cases involved Chapter 13 debtors whose plans had been confirmed and who subsequently failed to pay postpetition taxes when they came due. None of them involved objections to plan confirmation because of a failure to include default language requested by the Internal Revenue Service, and therefore the cited cases are inapplicable to the case at hand.

In a recent unreported Chapter 13 case, **In re: HUGO EDISON CORBO, BKY 05-30319, United States Bankruptcy Court, D. Minnesota. August 11, 2008**, the IRS objected to confirmation of a postconfirmation modified plan because the debtor had failed to pay postpetition taxes and also failed to incorporate IRS requested default language in the debtor's postconfirmation modified plan similar to the language requested in the case at hand. Judge O'Brien, while acknowledging that failure to pay postpetition taxes was

grounds for dismissal of a Chapter 13 case, denied the IRS request for inclusion of the default language, commenting as follows:

> "The obvious and central intention of any Chapter 13 plan is to restructure a debtor's finances so that he may pay off as much of his prepetition debt as possible out of his disposable income and still satisfy all of his other obligations going forward, during the pendency of the plan and, ideally, ever after. Of course, post petition taxes are an ongoing legal responsibility of the Chapter 13 debtor. But, taxes are merely one of many legal obligations the debtor will face post petition, and the Code makes no special provision in Chapter 13 to protect post petition tax obligations over any other ordinary post petition legal responsibilities. This Court is not the proper authority to install such a particular and determinative requirement, and interpreting its presence within § 1325(a)(6) is a spurious business."

As the bankruptcy court pointed out, there is no statutory authority in the bankruptcy code requiring debtors to include default language in their proposed plan regarding the filing of postpetition tax returns or payment of postpetition taxes. 11 U.S.C. §1325(a)(9) requires the filing of prepetition tax returns as a condition of plan confirmation, but there is no mention of payment of postconfirmation taxes or the filing of postpetition income tax returns in Sec. 1325 of the Code as a condition of plan confirmation. As Judge O'Brien pointed out, the IRS is attempting to accomplish by local plan confirmation practice a statutory amendment that Congress has declined to enact.

Moreover, the IRS conveniently glosses over the consequences for other unsecured creditors of the inclusion of the IRS default language in a debtor's Chapter 13 plan. The requested language aims at benefitting one creditor only: the IRS. The request for inclusion of the IRS default language in a plan ignores the interests of other creditors who would be better served if a Chapter 13 case were to remain in force. For example, a debtor might be current with his or her Chapter 13 payments, with distributions to unsecured, nonpriority creditors. Dismissal of the case at the instigation of the IRS because of a failure to pay a postpetition income tax would terminate payment of

unsecured, nonpriority claims and force prepetition creditors to compete with new postpetition IRS priority tax claims in a non-bankruptcy context. Dismissal of a Chapter 13 case would only serve the interests of the IRS to the detriment of other prepetition creditors. Moreover, dismissal ignores the fact that the IRS has its own collection remedies after the Chapter 13 case is discharged, including grounds for objection in the event of a subsequent Chapter 13 refiling.

## II. THE IRS LIEN SECURES THE IRS CLAIM ONLY TO THE EXTENT OF THE VALUE OF THE PROPERTY SUBJECT TO ITS LIEN.

Debtors do not dispute that it is well established under 26 U.S.C. § 6321 that a federal tax lien attaches to every interest in property that the taxpayer has or acquires during the time the lien is in effect. *United States v. National Bank of Commerce,* 472 U.S. 713, 720, 105 S.Ct. 2919, 2924, 86 L.Ed.2d 565 (1985); *In re Financial Alternatives, Inc.,* 96 B.R. 844, 849 (Bankr.N.D.Ill.1989). However, the fact that a federal tax lien was filed prior to bankruptcy does not prevent a debtor from asking a bankruptcy court to determine the value of a secured claim if the proper procedure is followed.

The Bankruptcy Code and the Bankruptcy Rules of Procedure dictate the standards by which claims are filed and allowed. Bankruptcy Rule 3001 sets out the required contents of a proof of claim. A leading commentator has summarized the requirements as follows: "By making reference to the appropriate official form, Rule 3001 provides a description of a proof of claim. The proof of claim must be in writing; set forth the creditor's claim; be executed by the creditor or an authorized agent; attach writings on which a claim . . . is based." 9 Collier on Bankruptcy Sec. 3001.01.

The approved proof of claim form is designated as Official Form B10 by the Bankruptcy Rules. Section 4 of the Official Form requires the following information:

**Value of Property: $_____Annual Interest Rate _____ %**

The back of Official Form B10 includes written instructions for completing the proof of claim form. Section 1 of the Instructions provides that the creditor must "briefly describe the type of debt" and Section 2 provides that the claimant should "fill in the date when the debt was first owed by the debtor." Section 4 then states in part "Check the appropriate box and provide the requested information if the claim is fully or partially secured... **State the type and the value of property that secures the claim...**" (Emphasis added).

Rule 3001(f) provides that a "proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." One commentator has noted that in order for a proof of claim to obtain the benefit of this prima facie validity, "the proof of claim must set forth facts necessary to support the claim." 8 L. King, Collier on Bankruptcy Sec. 3001.05 (15th Ed. 1988). *See also In re Marino*, 90 B.R. 25, 28 (Bankr. D. Conn. 1988)(quoting Collier with approval).When a creditor files a proof of claim executed in accordance with the Bankruptcy Rules, that proof of claim constitutes prima facie evidence of its validity and amount unless the debtor or other party in interest objects. *In re Stoecker*, 143 B.R. 118 (Bankr. N.D. Ill., 1992) citing *In re Kham & Nate's Shoes, No. 2, Inc.,* 97 B.R. 420, 424 (Bankr. N.D.Ill.1989); *In re Fogelberg,* 79 B.R. 368,372 (Bankr.N.D.Ill.1986).

In the case at hand, the Internal Revenue Service has filed an original and two amended proofs of claim; all three claims have been marked as secured by real estate, motor vehicle, and other, and all three claims have stated no value for the real or personal property securing the IRS claim. Because its own claim form states that the debtor's

property securing its claim has no value, the debtor's original proposed Chapter 13 plan was consistent with the proofs of claim filed by the Internal Revenue Service and should have been confirmed. Even when the debtor filed a preconfirmation modified Chapter 13 plan dated May 26, 2009 proposing to pay the IRS as a secured claim to the extent of $4000, the IRS proceeded to file an amended proof of claim on June 3, 2009 stating in paragraph 4 of the proof of claim form that the property securing its claim had no value.

Since the objection of the IRS to confirmation is inconsistent with its own amended proofs of claim on file with this court, the objection should be denied and the plan confirmed.

Furthermore, since the preconfirmation modified plan filed by the debtor proposes to pay the IRS $4000 plus interest as a secured creditor - $4000 more than the value stated in the IRS amended claim - and since no other party has objected to the revised plan, the debtor's preconfirmation modified Chapter 13 plan should be confirmed.

In the event that the IRS will not withdraw or amend its proof of claim as presently filed and the proposed modified plan is not confirmed, the debtor in the instant case has filed an objection to the amended IRS proof of claim dated June 3, 2009, pursuant to Bankruptcy Rule 3007. An evidentiary hearing is scheduled for August 26, 2009, at which hearing the debtor will testify as to the current value of her personal property and her lack of ownership of real property, for a determination of the extent of the value, if any, of the IRS amended secured claim.

## II. CONCLUSION

Since there is no statutory authority for the requirement of the default language requested by the Internal Revenue Service as a condition of plan confirmation, and since the Internal Revenue Service's own proofs of claim state that the property subject to its tax liens have no value, the IRS objection to confirmation should be denied and the modified plan confirmed.

Respectfully submitted,

_____/ s /_____
Ian Traquair Ball # 4285
Attorney for Debtor
326 Plymouth Building
12 South Sixth Street
Minneapolis, MN 55402
Tel: (612) 338-1313

Dated: August 7, 2009

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

---------------------------------

| | |
|---|---|
| In re: | CERTIFICATE OF SERVICE |
| PATRICIA A. ROWELL | BKY   09-31129 |
| Debtor(s). | |

---------------------------------

I, Darcie Boschee, declare under penalty of perjury that on August 7, 2009, I mailed at Minneapolis, Minnesota copies of the foregoing Supplemental Brief of Debtor via first class mail postage prepaid to each entity named below at the address stated below for each entity:

Patricia A. Rowell
12700 Nicollet Ave. Apt. 420
Burnsville, MN 55337


And delivered by email notification under CM/ECF on the day efiled with the court to each entity below:

Jasmine Z. Keller, Chapter 13  Trustee

United States Trustee

Internal Revenue Service
c/o David L. Zoss


Dated:  August 7, 2009                              */e/ Darcie Boschee*
                                                    Darcie Boschee
                                                    Ian Ball Law Office
                                                    12 South Sixth Street Ste 326
                                                    Minneapolis, MN 55406
                                                    612/338-1313