UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:                          Bankruptcy Case No. 09-31129

    PATRICIA ROWELL              Chapter 13

        Debtor.

**SUPPLEMENTAL REPLY BRIEF OF THE UNITED STATES OF AMERICA**

**I.   Statement of Facts**

1. Patricia A. Rowell, Debtor, filed a voluntary, individual Chapter 13 petition on February 26, 2009.  The petition states that the Debtor's residence on the date of filing was 12700 Nicollet Avenue, Apartment 420, Burnsville, Dakota County, Minnesota.

2. All of the assets the Debtor claimed to own as of the date of her petition are listed on Schedule B - Personal Property.

3. The Debtor's Schedule B listed the following categories of property and values:

| | |
|---|---|
| TCF Bank – | $  100.00 |
| Household Goods – | $4,000.00 |
| Wearing Apparel – | $2,000.00 |
| 2000 Kia Sephia – | $4,000.00 |

4. The Debtor's Schedule B qualified values given for the property listed, stating "[t]he value listed for each item in this schedule is an estimate only."

Bankruptcy Case No. 09-31129

5. To date the IRS has not disputed the estimates of value stated in the Debtor's Schedule B.

6. On August 29, 2008, the IRS filed a notice of federal tax lien (NFTL)in the County Recorder's Office of Dakota County, MN, listing unpaid federal income tax liabilities of the Debtor for tax years 2003 through 2007.

7. The Dakota County Recorder's Office assigned the filed NFTL document number 2611569.[1]

8. As of the date of the Debtor's bankruptcy petition, the unpaid balances due from the Debtor for each taxable year listed on the NFTL filed in the Recorder's Office of Dakota County were as follows:

| Year | Tax | Penalty | Interest |
|------|-----|---------|----------|
| 12/31/2003 | $2,278.09 | $660.92 | $848.35 |
| 12/31/2004 | $2,449.00 | $695.54 | $752.87 |
| 12/31/2005 | $2,267.00 | $563.78 | $509.33 |
| 12/31/2006 | $2,362.39 | $437.44 | $313.89 |
| 12/31/2007 | $1,811.00 | $252.24 | $ 93.82 |

9. On March 4, 2009, the IRS filed a Proof of Claim on Official Form 10 (hereinafter "Form B10") reflecting Secured Claims of $10,100.27, Unsecured Priority Claims of $7,112.65, and Unsecured General Claims of $1,614.29.  A facsimile federal tax lien document reflecting unpaid federal income tax

---

[1] When an NFTL is recorded, the number assigned by the public office to the filed NFTL is supposed to appear on the facsimile lien document that is thereafter electronically available to IRS employees.  For unknown reasons in this case the document number assigned by the Dakota County Recorder's Office is not reflected on the facsimile lien document that is available to IRS employees.

Bankruptcy Case No. 09-31129

liabilities for tax years 2003 through 2007 owing by the Debtor as of August 29, 2008, was attached to the IRS Proof of Claim filed on March 4, 2009.

10. On March 12, 2009, the IRS filed an amended Proof of Claim on Form B10 reflecting Secured Claims of $10,100.27, Unsecured Priority Claims of $7,031.10, and Unsecured General Claims of $1,614.29. A facsimile federal tax lien document reflecting unpaid federal income tax liabilities for tax years 2003 through 2007 owing by the Debtor as of August 29, 2008, was attached to the amended IRS Proof of Claim filed on March 12, 2009.

11. On June 3, 2009, the IRS filed a second amended Proof of Claim on Form B10 reflecting Secured Claims of $10,100.27, Unsecured Priority Claims of $7,466.43, and Unsecured General Claims of $1,104.96. A facsimile federal tax lien document reflecting unpaid federal income tax liabilities for tax years 2003 through 2007 owing by the Debtor as of August 29, 2008, was attached to the second amended IRS Proof of Claim filed on June 3, 2009.

12. All of the Debtor's unpaid federal tax liabilities are for income taxes for every tax year from 2003 through 2008.

13. The Debtor had not yet filed a 2008 federal income tax return on the date she filed her voluntary Petition to commence this case.

Bankruptcy Case No. 09-31129

14. The IRS included an estimate of the Debtor's unpaid 2008 federal income tax liability in the Unsecured Priority Claims portion of the Proof of Claim it filed on March 3, 2009.

15. The IRS filed the first amendment to its Proof of Claim on March 12, 2009, to take information from a 2008 federal income tax return received from the Debtor into account.  The IRS first amended Proof of Claim reduced the amount of its Unsecured Priority claim for tax year 2008 by $81.15.

16. The IRS filed the second amendment to its Proof of Claim on June 3, 2009, to correct two classification errors. First, estimated tax penalty of $74.00 reflected on the Debtor's 2008 return was reclassified from the IRS Unsecured Priority claim for 2008 to its Unsecured General claim for that year. Second, interest to the petition date in respect of the Debtor's unpaid tax liability for tax year 2005 was reclassified from the IRS Unsecured General claim for 2005 to its Unsecured Priority claim for that year.

17. Where an NFTL has been filed prior to the commencement of the bankruptcy case, Internal Revenue Manual (IRM) section 5.9.13.19.2 requires IRS Insolvency employees to include the value of unencumbered property, including personal property, listed in a debtor's asset schedules, to the extent of the aggregate balance due for the tax periods listed in the filed NFTL, to compute the amount of an IRS secured claim.

Bankruptcy Case No. 09-31129

18. IRS insolvency uses a nationwide, automated system to prepare IRS proofs of claim for filing with the bankruptcy courts around the country.

19. In cases where IRS insolvency personnel have determined that the IRS has a secured claim, the IRS automated system automatically completes "paragraphs" 1 through 5 of Form B10 based on the tax liability data that the IRS insolvency personnel list on the "Form 10 Attachment" attached to the Form B10 to be filed by the IRS.

20. In all cases where IRS insolvency personnel have determined that the IRS has a secured claim, all three of the boxes (for "Real Estate," "Motor Vehicle," & "Other") that follow the statement "Nature of property or right of setoff" in paragraph 4 of Form B10 are checked because pursuant to 26 U.S.C. § 6321 the federal tax lien attaches to every interest in property that the taxpayer has or acquires during the time the lien is in effect.

21. The IRS secured claim reflected in paragraph 4 of its claim as filed in this case is $10,100.00, predicated on the aggregate value in that same amount of the unencumbered property listed in the Debtor's asset Schedules.  The $0.27 by which the IRS Secured Claim as filed exceeds $10,100.00 results from an inadvertent math error made in classifying the unsecured portion of the accrued penalty to the date of the petition in respect of

Bankruptcy Case No. 09-31129

the Debtor's unpaid 2005 tax liability as an Unsecured General
Claim.  The IRS concedes that its secured claim cannot in any
event exceed the unencumbered value of the Debtor's assets.

22. The Debtor proposed a Chapter 13 Plan dated February
20, 2009, that provided for 60 payments of $485.00.  The
Debtor's Chapter 13 Plan dated February 20, 2009, made no
provision for any secured claims.

23. The Debtor proposed a preconfirmation modified Chapter
13 Plan dated March 30, 2009, that provided for 60 payments of
$425.00.  The Debtor's preconfirmation modified Chapter 13 Plan
dated March 30, 2009, made no provision for any secured claims.

24. On April 17, 2009, the IRS filed an objection to
confirmation of Rowell's Chapter 13 plan and motion to dismiss.
Included in the IRS objection is a request that any Chapter 13
plan confirmed by the Court include the following tax compliance
language:

> The debtor will file as and when due any and all post-
> petition federal tax returns of any kind; and will
> timely pay as and when due, any and all post-petition
> federal tax liabilities of any kind.  Debtor's failure
> to file as and when due any and all post-petition
> federal tax returns of any kind; or failure to timely
> pay as and when due any and all post-petition federal
> tax liabilities of any kind, will constitute grounds
> for dismissal.

25. On April 21, 2009, the Debtor filed a response
opposing the IRS objection.

- 6 -

Bankruptcy Case No. 09-31129

26. The Debtor proposed a preconfirmation modified Chapter 13 Plan dated May 26, 2009, that provided for 60 payments of $425.  The Debtor's preconfirmation modified Chapter 13 Plan dated May 26, 2009, provides for a secured claim of the IRS in the amount of $4,000.00.

27. On June 17, 2009, counsel for the Debtor sent correspondence, a copy of which is attached as Exhibit A, to counsel for the government stating that the Debtor did not object to the "ex parte relief language" requested in the IRS objection to confirmation.

28. On July 21, 2009, the Debtor filed a Motion objecting to the claim of the IRS.  A hearing on the Debtor's motion is presently scheduled for August 26, 2009.

29. In oral argument at the confirmation hearing on July 30, 2009,  counsel for the Debtor objected to the "ex parte" relief language requested in the IRS objection to confirmation.

30. By order dated July 31, 2009, after oral argument at the confirmation hearing on July 30, 2009, the bankruptcy court ordered the Debtor to serve and file a supplemental brief in support of her position in opposition to the objection filed by the IRS, with detail as to both issues her counsel argued at the hearing.  The Court further ordered counsel for the IRS to serve and file a responsive brief.

Bankruptcy Case No. 09-31129

## II. Argument

**A. The Debtor's proposed preconfirmation Modified Chapter 13 Plan dated May 26, 2009 does not meet the requirements of 11 U.S.C. §§ 1325(a)(1) & (6) because it fails to provide that during the period in which the Plan is to be performed the Debtor will file her tax returns, and pay her tax liabilities, as and when they become due.**

At the hearing on July 30, 2009, and in her supplemental brief, the Debtor argues against the post-petition tax compliance language that the IRS seeks to have added to any confirmed Chapter 13 Plan.  Despite the Debtor's informal concession of this issue in her counsel's June 17, 2009, correspondence to counsel for the IRS, this issue should be addressed by the Court in light of the subsequent, unexpected argument on this issue made by her counsel at the July 30, 2009, hearing.

In support of her argument, the Debtor cites In Re Corbo, 391 B.R. 617 (Bkrtcy. D. Minn. 2008)("Corbo"), a case to which the provisions of the Bankruptcy Code in effect prior to the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA) applied.  In Corbo the Court held that:

> (1) debtor's postpetition tax delinquency was not per se cause for dismissal of Chapter 13 case, in absence of any court order or local rule requiring debtor to pay postpetition taxes or in absence of provision in debtor's confirmed plan requiring that postpetition taxes be paid; and

Bankruptcy Case No. 09-31129

(2) IRS's objections to modified plan proposed by Chapter 13 debtor, on "feasibility" and "disposable income" grounds, were moot where debtor had withdrawn his modified plan.

This case is readily distinguishable from Corbo on the facts, on the issues in dispute, and on the applicable law.  The facts and issues in this case do not concern an existing post-petition tax delinquency.  Rather they focus on reasonable efforts to prevent such a tax delinquency.  Further, the provisions of BAPCPA have changed the "playing field."  Specifically, BAPCPA added 11 U.S.C. §§ 521(f) and 521(j)(B.C. §§ 521(f) and 521(j)).

Under B.C. § 521(f)(1), Chapter 13 debtors are required to provide copies of the Federal income tax returns they file for tax years ending while the case is pending, if requested to do so by the Court, the U.S. trustee, or any party in interest.  Further, under B.C. § 521(j)(1), if a debtor fails to file a tax return that comes due after the commencement the case, or to properly obtain an extension of the due date for such return, a taxing authority is authorized to request that the Court dismiss or convert the case.  Under B.C. § 521(j)(2), if a taxing authority files such a request, and the debtor does not then file the required return, or obtain a filing extension, within 90 days of the request by the taxing authority, the Court shall dismiss or convert the case, whichever is in the best interests

Bankruptcy Case No. 09-31129

of  creditors and the estate.   These provisions evidence

Congressional intent that Chapter 13 debtors remain in

compliance with the Internal Revenue Code while performing a

confirmed Chapter 13 Plan.

In this regard, the Corbo case is germane to the present

case to the extent that the Court noted:

> The obvious and central intention of any Chapter 13
> plan is to restructure a debtor's finances so that he
> may pay off as much of his prepetition debt as
> possible out of his disposable income and still
> satisfy all of his other obligations going forward,
> during the pendency of the plan and, ideally, ever
> after. *Of course, post petition taxes are an ongoing
> legal responsibility of the Chapter 13 debtor.*

Id. at 621 (emphasis added).

Debtors simply cannot flout the tax laws while under the

protection of the Bankruptcy Court.   Also, under 11 U.S.C. §

1325(a)(1) a plan must comply with the provisions of Chapter 13,

and the other applicable provisions of Title 11, e.g. B.C. §

521.   Under 11 U.S.C. § 1325(a)(6), for a Chapter 13 plan to be

confirmed, the debtor must be able to make all payments under

the plan and comply with the plan.   To comply with these

directives, federal tax liabilities that come due for tax years

ending while the case is pending must be paid when due.   The

proposed Plan fails to meet these requirements.   It is,

therefore, not confirmable.

Bankruptcy Case No. 09-31129

The necessity of clear language in the debtor's plan requiring tax future compliance in this case is clear from the debtor's history of tax noncompliance.  As evidenced by the IRS claim, the Debtor has an uninterrupted, six-year history of tax noncompliance.  She has underpaid her tax liability every year for the past 6 years (2003-2008).  The Debtor has averaged an annual unpaid tax liability of $2,257.00, or $188.00 per month, during that period.  In her brief the Debtor argues that Schedule I reflects monthly income tax withholding of $271.00.  However that is not what the Debtor's Schedule I states.  The Debtor's Schedule I indicates payroll withholding of $271.00 per month for payroll taxes and social security, and $245.00 per month for insurance.

Health insurance can be paid from gross income before computing income tax and social security withholding in some circumstances.  Assuming for discussion that the Debtor's $245.00 monthly payroll deduction for insurance can be so treated, her gross monthly income for computing her payroll withholding for income taxes and social security, is $2,630.00 per month according to Schedule I.

Social Security withholding, which includes amounts for FICA and Medicare, is computed at a combined rate of 7.65% of gross income.  Thus, the Debtor's social security liability is approximately $201.20 per month based on her gross income as

Bankruptcy Case No. 09-31129

computed above.  That leaves only an approximate $70.00 per

month from the $271.00 per month reflected in the Debtor's

Schedule I for both federal _and_ state income tax withholding.

Even if a substantial portion of that $70.00 per month of income

tax withholding is allocated to the Debtor's federal tax

liability, it is highly probable that she will end up with tax

due, in excess of her federal income tax withholding, on her

post-petition income tax returns if the plan she has proposed is

confirmed.  There appears to be no provision, or means by which,

for the Debtor to pay such taxes under the proposed Plan.  As

noted in the objection by the IRS to confirmation, the Debtor's

Schedule J does not indicate that she plans during the life of

any confirmed plan to make any quarterly estimated tax payments

as required by the Internal Revenue Code.  In short, the

Debtor's history of federal tax noncompliance is destined to

continue unless affirmative steps are taken now to see that it

does not.

Under B.C. § 105(a) the Court has the authority to issue

any order, process or judgment that is necessary or appropriate

to carry out the provisions of the Bankruptcy Code.  As noted

above, Chapter 13 debtor's are legally required to comply with

the Internal Revenue Code while performing a confirmed plan. No

provision of the Bankruptcy Code absolves the debtor from the

Bankruptcy Case No. 09-31129

duty to comply with nonbankruptcy tax laws with regard to
postpetition liabilities.

Given the provisions of B.C. § 521(j), there are two
primary utilities in the post-petition tax compliance language
sought by the IRS.  First, if included in any confirmed plan,
the language sought by the IRS will serve as a strong and
constant reminder to the Debtor of her tax obligations and
responsibilities.  Secondly, it provides a meaningful remedy to
the government in the likely event the Debtor does, in fact,
underpay her post-petition tax liabilities.  Given that the law
is clear that a Chapter 13 debtor must comply with all of his or
her federal tax obligations, including the payment of taxes when
they are due, given this Debtor's pre-petition history of tax
non-compliance, and given the strong indications noted above
that the Debtor's tax noncompliance will probably continue
during the life of any plan that may be confirmed in this case,
the Plan language proposed by the IRS is highly appropriate.

The Debtor also argues that the postpetition tax compliance
language sought by the IRS is detrimental to unsecured
creditors.  While Chapter 13 can benefit unsecured creditors in
some cases, there is nothing in the Bankruptcy Code that allows
debtors to fail to comply with postpetition tax laws for the
benefit of unsecured creditors.  Further, if the Debtor cannot
comply with postpetition tax obligations, the plan simply is not

Bankruptcy Case No. 09-31129

feasible.  It is also ironic that the Debtor, who proposes to
pay her unsecured general creditors just over 6.5% of their
total claims, invokes their interests to oppose the post-
petition tax compliance language sought by the IRS.  Although
the Debtor's arguments here are cast as a plea on behalf of her
unsecured general creditors, they are really arguments that
serve only her interests.

It follows that the IRS objection to confirmation of a
Chapter 13 Plan that lacks the requested tax compliance language
should be sustained.

**B.  The Proof of Claim filed by the IRS in this case is
legally sufficient.  Accordingly, the IRS has a secured claim
to the extent of the value of the Debtor's unencumbered property
as determined under B.C. § 506(a).**

The Debtor argues against the IRS secured claim on two
apparent grounds.  First, the Debtor argues that she can ask the
Court to determine the value of a secured claim.  Secondly, the
Debtor argues that the claim the IRS filed is fatally defective.
Neither of these arguments has merit based on the facts of this
case.

The Debtor makes much to do about very little in respect of
the claim the IRS filed.  For the most part the Debtor complains
about the manner in which the Form B10 that the IRS filed was
completed.  The Debtor's argument commences with an
acknowledgment that "it is well established under 26 U.S.C. §

Bankruptcy Case No. 09-31129

6321 that a federal tax lien attaches to every interest in
property that the taxpayer has or acquires during the time the
lien is in effect."  The Debtor then argues that the IRS claim
has no value because it does not state the value of the real or
personal property that secures it.  This is an invalid argument
that the Debtor has, by implication, herself refuted by her
acknowledgment of the reach of the federal tax lien.  The value
of the real or personal property that secures the IRS claim is
the value of all of the unencumbered property, whatever it may
be, listed by the Debtor in her asset schedules.

Claims are filed pursuant to B.C. § 501, which ensures that
all those involved with the proceeding are aware of the claims
against the debtor's estate.  In Re PCH Associates, 947 F.2d
585, 605 (2d Cir. 1991).  Under B.R. 3001(a) a proof of claim
shall conform substantially to the appropriate Official Form
which in this case is Official Form 10, or B10.  Further, under
B.R. 3001(d) if a security interest in property of the debtor is
claimed, the proof of claim shall be accompanied by evidence
that the security interest has been perfected.  A proper proof
of claim must include:

    1. Name & address of creditor;
    2. Basis for the claim;
    3. Date that debt was incurred;
    4. Classification of the claim;
    5. Amount of the claim; and
    6. Copies of any documents supporting the claim.

<u>In Re M.J. Waterman & Associates, Inc.</u>, 277 F.3d 604, 608 (6th
Cir. 2000).  The IRS proof of claim in this case meets the
foregoing requirements.

The IRS proof of claim was filed using Official Form 10.
The attachments to the IRS claim clearly identify the amounts of
the debtor's unpaid tax liabilities by type and period as of the
date of the petition.  Further, the IRS claim clearly classifies
the debtor's unpaid tax liabilities as secured, priority or
general unsecured liabilities.  Finally, the facsimile federal
tax lien document attached to the IRS proof of claim evidenced,
in compliance with B.R. 3001(d), that the NFTL had been
perfected.  The IRS proof of claim in this case is in
substantial compliance with the applicable requirements.

Claims are allowed or disallowed pursuant to B.C. § 502.
Under B.C. § 502(a) if no objection to a claim is made, the
claim is deemed allowed.  Claims are disallowed under B.C. §§
502(b), (d) or (e).  The Debtor does not assert that she does
not owe the tax debts listed on the IRS claim.  Nor, apparently,
does the Debtor dispute that the IRS properly recorded an NFTL
to perfect the federal tax lien.  Nor does the Debtor's motion
address any of the grounds for disallowance of a claim that are
provided by B.C. §§ 502(b), (d) or (e).  Clearly, the IRS claim
should be allowed pursuant to B.C. § 502(a).  The real issue
that the Debtor's objection seeks to reach is, in substance, the

Bankruptcy Case No. 09-31129

value of her property on which the IRS secured claim is
predicated.

Determinations of secured status is made pursuant to B.C. §
506.  Under B.C. § 506(a)(1) an allowed claim of a creditor
secured by a lien on property in which the estate has an
interest is a secured claim to the extent of such creditor's
interest in the estate's interest in such property.  Under B.C.
§ 506(a)(2), for Chapter 7 or 13 individual bankruptcies filed
on or after October 17, 2005, the value of personal property
securing the claim is determined based on the "replacement
value" of the property as of the petition date without deduction
for costs of sale or marketing.  With respect to property
acquired for personal, family, or household purposes,
"replacement value" means the price a retail merchant would
charge for property of that kind, considering the age and
condition of the property as of the valuation date.

The Debtor's preconfirmation modified Plan dated May 26,
2009, proposes to pay an IRS secured claim of $4,000.00.  The
Debtor asserts in her supplemental brief that the proposed
$4,000.00 secured claim of the IRS in her modified Plan dated
May 26, 2009, is based on the estimated value of her automobile
stated in Schedule B.  A debtor has the burden of completing the
schedules and statements attached to a bankruptcy petition
accurately.  In Re Faden, 96 F.3d 792 (5th Cir. 1996).  It is,

- 17 -

Bankruptcy Case No. 09-31129

therefore, reasonable to infer that the Debtor used replacement

cost, as defined in B.C. § 506(a)(2), to estimate the value of

her personal property, including her automobile, listed in

Schedule B.   Nowhere in the record has the Debtor suggested or

argued otherwise.

It follows that the IRS secured claim, which is based on

the values estimated by the Debtor in Schedule B, complies with

B.C. § 506(a) as to the value of the Debtor's property to which

the federal tax lien is attached.   The IRS has a secured claim

in the amount of $10,100.00 and the debtor has no valid

objection to the claim.    In the debtor's objection to the IRS

secured claim, the debtor argues that the value of the secured

claim should be reduced by the value of the debtor's personal

property because the debtor offered to surrender the property.

That is not a basis to object to a secured claim.   Rather, a

Chapter 13 plan can provide for the surrender of the property

securing a secured claim under section 1325(a)(5)(C).   Under the

Code, therefore, the surrender of property does not affect the

allowance of the secured claim, but rather it affects the

treatment of the allowed secured claim under the Chapter 13

plan.   The objection to the Service's secured claim should

therefore be denied.

Further, the debtor's plan cannot be confirmed because it

does not adequately provide for the IRS's secured claim as

Bankruptcy Case No. 09-31129

required in section 1325(a)(5), which requires that the plan
either provide for payment of the secured claim or surrender the
property securing the claim.  The debtor's plan does not contain
a provision providing for the payment of the full amount of the
IRS secured claim, or a provision providing for the claim by the
surrender of property.

Even if the debtor's plan could be construed as providing
for the IRS secured claim by surrendering personal property, the
plan could not be confirmed.  The debtor needs her personal
property to perform under the plan; a plan that provides for the
surrender of debtor's personal property is not feasible and not
proposed in good faith.  Further, the debtor cannot propose the
surrender of part of the property securing a claim and pay part
of the secured claim under the plan; sections 1325(a)(5)(B) and
(C) are listed as alternative options.  In re Williams, 168 F.3d
845 (5th Cir. 1999); but see In Re Kerwin, 996 F.2d 552 (2nd
Cir. 1993.

Bankruptcy Case No. 09-31129

### III.   Conclusion

It follows that the IRS objection to confirmation of the Debtor's preconfirmation modified Chapter 13 Plan dated May 26, 2009, should be sustained.


                                    FRANK J. MAGILL, JR.
                                    United States Attorney

Date:  <u>August 13, 2009</u>       By:  <u>/E/David L. Zoss</u>
                                    DAVID L. ZOSS
                                    Special Assistant
                                     United States Attorney
                                    Attorney No. 1501-64
                                    Galtier Plaza, Suite 650
                                    380 Jackson Street
                                    St. Paul, Minnesota 55101
                                    Tele: (651) 726-7375

## IAN TRAQUAIR BALL

### ATTORNEY AT LAW

12 SOUTH SIXTH STREET, SUITE 326
MINNEAPOLIS, MINNESOTA  55402

612/338·1313

June 17, 2009

David L. Zoss
Special Assist. U. S. Attorney
Galtier Plaza, Suite 650
380 Jackson Street
St. Paul, MN 55101

      Re: Christopher Mwangi and Aisha Omari, BKY 09-30659
         Patricia A. Rowell, BKY 09-31129

Dear Mr. Zoss:

    I am following up on the above Chapter 13 cases and the pending objections of the Internal Revenue Service to confirmation.  As you know, the Internal Revenue Service has amended its claim in the Mwangi case and no longer has a secured claim. Accordingly, the debtors have no objection to the amended claim and are agreeable to including the requested language in their Chapter 13 plan providing for ex parte relief after 30 days notice if they fail to timely file tax returns or pay taxes when due.  I am preparing a modified plan for the debtors' signatures with this provision.

    No amended claim has been filed in the Patricia Rowell case, for reasons that I do not understand.  In the Mwangi case, the debtors owned real estate, although there was no equity in the property, but the IRS has amended its claim and has eliminated the secured portion of the claim as described above.  In the Rowell case, however, the debtor owned no real estate at all yet the IRS has persisted in filing a claim as a secured claim.

    I have no objection to inclusion of the ex parte relief language requested in the IRS objection in the Rowell case, but I do object to the IRS filing a claim as a secured creditor when the debtor owns no real estate.  I am not interested in arguing with the IRS over the value of its security interest in my client's forks, knives, and bed sheets.  Please advise me how the IRS wants to handle this matter.

Sincerely,

*Ian Traquair Ball*

Ian Traquair Ball

**RECEIVED**

JUN 1 9 2009

Internal Revenue Service
Office Of Chief Counsel
St. Paul, Minnesota

EXHIBIT ____A____

VERIFICATION

I, Patricia Patton, Bankruptcy Specialist for the
Internal Revenue Service, the movant named in the foregoing
Chapter 13 Bankruptcy for Patricia A. Rowell as stated on
the petition, Bankruptcy No. 09-31129, declares under
penalty of perjury that the foregoing is true and correct
according to the best of my knowledge, information and
belief.


Dated:      August 11, 2009          Signed:

                                     _Patricia Patton_

                                     Patricia Patton
                                     Bankruptcy Specialist

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:                          Bankruptcy Case No. 09-31129

    PATRICIA ROWELL              UNSWORN DECLARATION
                                FOR PROOF OF SERVICE

    The undersigned, an employee of the Office of Chief Counsel,
Internal Revenue Service, with office address of Galtier Plaza,
Suite 650, 380 Jackson Street, St. Paul, Minnesota, declares that
on <u>August 13, 2009</u>, I caused the following document:

    1. Supplemental Reply Brief of the United States of America

to be filed electronically with the Clerk of Bankruptcy Court
through ECF, and that ECF will send an e-notice of the
electronic filing to the following:

Jasmine Z. Keller, cmecfjzkmn@ch13mn.com, backup_cmecf@ch13mn.com
US Trustee, ustpregion12.mn.ecf@usdoj.gov
Ian Ball, ianball2008@gmail.com

I further declare that I caused a copy of the foregoing documents
and the notice of electronic filing to be mailed by first class
mail, postage paid, to the following non-ECF participants by
enclosing the same in an envelope with first class mail postage
and depositing same in the post office at St. Paul, Minnesota,
addressed to each of them as follows:

---

Honorable Frank J. Magill, Jr.     Patricia Rowell
United States Attorney             12700 Nicollet Ave. Apt 420
600 U.S. Courthouse                Burnsville, MN  55337
300 South Fourth Street
Minneapolis, MN  55415


Minnesota Department of Revenue    American Express Corp
Collection Enforcement Unit        20002 N 19th Ave
P.O. Box 64447                     Payroll 049-02-18
551 Bankruptcy Section             Phoenix, AZ 85027
St. Paul, MN  55164

---

    I declare, under penalty of perjury, that the foregoing is
true and correct.

Executed: <u>August 13, 2009</u>     Signed: <u>/E/Angel Fitzsimmons</u>
                                            ANGEL FITZSIMMONS